TAYLOR et al. v. CUBAN LAND & STEAMSHIP CO.

(Circuit Court, D. New Jersey. January 23, 1901.)

RECEIVERS—APPOINTMENT.
    A receiver will not be appointed on preliminary hearing, all the grounds therefor being fully met by affidavits.

Arthur J. Baldwin, for the motion.
Charles C. Black, opposed.

KIRKPATRICK, District Judge. The court is asked to appoint a receiver for defendant corporation upon the ground of insolvency, and because "its existence under its present management is a fraud upon its stockholders, and on the innocent public." Upon the return of the rule heretofore granted why a receiver should not be appointed, the defendant, by its officers, denies under oath all the allegations of the bill of complaint upon which the charge of insolvency rests. These affidavits specifically set forth the assets and liabilities of the company, showing an excess of the former; aver that all claims against the company are being promptly paid as presented; and allege that there are no suits, attachments, or judgments of any kind against the company by which its property is jeopardized, or can be wasted or diminished. They also tend to show and assert that the company is carrying on its business with profit and advantage to its stockholders. The affiants allege that such parts of the business as have demonstrated themselves to be unprofitable have, on that account, been discontinued in the interest of economical management. It is to such discontinuance complainants object. It is admitted that large sums have been spent for advertising, but it is alleged that it was done when the complainants were active in the management of the company. The court is unwilling at preliminary hearing to determine on affidavits the truth of matters in controversy. The court will not assume, in the absence of proof, that the directors are not acting in good faith, and, except upon clear proof of usurpation ultra vires, fraud, or gross negligence, there is no warrant for its interference. The rule to show cause will be discharged.