ROBERT F. WHITMER,

*vs.*

WILLIAM WHITMER AND SONS, INC.

*New Castle, Dec.* 16, 1916.

Under an Act providing for the appointment of a receiver for a corporation on the ground of its insolvency, in which insolvency is not defined, it may consist of a deficiency of assets over liabilities, or inability to meet financial obligations as they mature in the usual course of business, or both.

Under a statute authorizing appointment of a receiver for a corporation on the ground of insolvency, it is always discretionary whether such receiver be appointed.

Under a statute authorizing appointment of a receiver for a corporation on the ground or insolvency, if there be doubt as to the proof of the jurisdictional fact, insolvency, the court should not act, since proof of jurisdictional facts should be clear and convincing.

Where deficiency of assets is basis of a claim of insolvency as ground for motion to appoint a receiver *pendente lite*, an affirmative showing by the corporation that it has met all its obligations and can continue to do so sufficiently established the ability of the corporation to meet its liabilities.

It is within the inherent powers of the Court of Chancery to take possession of the assets and affairs of a corporation by a receiver *pendente lite*, in order to prevent loss to those interested, although not authorized to do so by statute.

Under a statute authorizing appointment of a receiver for a corporation on the ground of insolvency, if a receiver *pendente lite* is desired, the facts to justify the ordinary belief should be stated, and a prayer therefor be included in the bill.

Where a receiver *pendente lite* for a corporation is sought, whether or not the corporation is insolvent, it is essential that there be shown to be a reasonable apprehension of danger and an irreparable loss to the subject-matter of the suit before a final hearing can be had.

Where insolvency of a corporation is denied, and the evidence on the point is conflicting, a motion for receiver *pendente lite* on that ground should not be granted.

Under a statute authorizing appointment of a receiver for a corporation on the ground of insolvency, where the evidence was insufficient to establish the fact of insolvency, and no glaring irregularities, gross mismanagement, or even serious errors of commercial judgment chargeable entirely to the present management are established, and there is no evidence of threatened loss or injury even to creditors, the appointment of a receiver *pendente lite* will not be granted.

BILL FOR THE APPOINTMENT OF RECEIVER. The bill is filed by a stockholder for the appointment of a receiver to wind up the affairs of the company, based on its insolvency, and for the appointment of a receiver *pendente lite*. This interlocutory application has been heard on the bill, the answer and numerous and voluminous affidavits and exhibits.

The corporation, organized in 1909, has been engaged in the lumber business, and the management of several associated companies through ownership of their shares of stock. Its authorized capital is three million dollars, of which two million dollars is outstanding, and the complainant is the owner of one-half of such outstanding shares. In addition to ownership of shares of the associated corporation and evidences of their indebtedness, and other commercial assets, the company directly and indirectly owns several large tracts of timber and timber rights, some of which have been developed and others are still undeveloped. By the bill it appears that these assets are carried on the books of the company at an aggregate value of about six million dollars, and it is alleged that the valuations so placed thereon by the company "are in many instances grossly excessive." Without stating the liabilities fully, the bill alleges "that said respondent company is insolvent, and owing to said insolvent condition is unable to continue the business of the company."

It is alleged that a receiver *pendente lite* is essential to safeguard the interests of the complainant, the creditors of the defendant and of the defendant itself for several reasons: (1) Because the purpose of the bill is a receivership to wind up the company on account of its insolvency; (2) because the securities made by other companies held by the defendant company may be removed and concealed and disposed of to

the detriment of stockholders and creditors; and (3) because when a receiver *pendente lite* is appointed by this court, ancillary proceedings may be taken in Pennsylvania, where the securities are, to obtain the custody thereof.

In addition to prayers for a receiver and a receiver *pendente lite*, injunctive relief was sought to prevent the removal or disposition of the assets.

Thereupon a rule was awarded for a hearing on the application for a receiver *pendente lite*, and a restraining order granted. Before the hearing of the rule the answer of the defendant was filed. By it the company admits that the book valuations of some of its assets are too high and some are too low, and avers that "any loss shown by overvaluation is overcome by the undervaluation of certain of its other securities," without particularizing them. The company expressly denies that it is insolvent and unable to continue its business, and claims that on the contrary it is able to pay its debts according to mercantile usage and as they mature in the course of its business; that its secured indebtedness is amply secured; that its unsecured indebtedness is small; that no demand for payment has been made by any creditor which has not been met; and that its assets at a fair and reasonable valuation exceed its liabilities by about four million dollars. The answer denies allegations of the bill respecting some of the assets, and denies the reasons given for the application for a receiver *pendente lite*.

At the first hearing on the rule some testimony was heard orally before the Chancellor, but it was found to be an unsatisfactory method and by agreeemnt the application was later heard on *ex parte* affidavits and exhibits, the complainant being given access to the books and papers of the company. The restraining order was subsequently dissolved by the failure of the complainant to give the bond necessary to the preliminary injunction following the restraining order.

*Herbert H. Ward* and with him *William W. Porter* and *I. G. Gordon Forster*, of the Philadelphia Bar, for the complainant.

*Hugh M. Morris*, for the defendant.

THE CHANCELLOR.  By statute in Delaware a receiver may be appointed for a corporation on the ground of its insolvency.  Insolvency not being defined in the statute may consist of a deficiency of assets over laibilities, or inability to meet financial obligations as they mature in the usual course of business, or both conditions may exist.  It is always discretionary whether a receiver be appointed.  It is not true, as claimed by the defendant's solicitor, that an inability to meet obligations as they accrue is the only definition of insolvency.  An excess of liabilities over assets may constitute insolvency, unless it appear that there is a reasonable prospect that the business could be successfully continued notwithstanding the deficiency of assets.  If there be doubt as to the proof of the jurisdictional fact, insolvency, the court should not act, for proof of jurisdictional facts should be clear and convincing.  *High on Receivers*, § 346; *Atlantic Trust Co. v. Consolidated, etc., Co.*, 49 *N. J. Eq.* 402, 23 *Atl.* 934.

In this case the deficiency of assets is the basis of the claim of insolvency.  Not only is it not alleged that the corporation cannot meet its obligations as they mature, but the company asserts affirmatively that it has done so and can continue to do so, and furthermore has adduced considerable evidence to that effect.  For the purposes of this present motion the ability of the company to meet its liabilities as they accrue is established.

While there is no statutory power to appoint a receiver *pendente lite*, the inherent, or implied, and certainly well established powers of the Court of Chancery administered by the Chancellor are such as to vest in him the jurisdiction to take possession of the assets and affairs of a corporation, by a receiver *pendente lite*, in order to prevent loss to those interested.  It has frequently been done to preserve the subject-matter of a controversy when the final relief is not a permanent receivership to wind up the affairs of an insolvent corporation.  Such a remedy is provisional and not decisive of the rights as ultimately determined, nor conclusive of the merits.  While the jurisdictional fact is insolvency and a simple allegation of that fact may be sufficient, yet if preliminary relief of a receiver

*pendente lite* is desired the facts to justify the extraordinary relief should be stated and a prayer therefor be included in the bill. The reasons for this are obvious. The relief is based on present urgent need of intervention in the management of the affairs of the corporation, and promptness in granting the relief is usually essential to its usefulness, and therefore the officers of the corporation are entitled to know what they have to meet. An observance of this fair and reasonable practice, which the complainant has here followed, will be advantageous to litigants.

Where a receiver *pendente lite* is sought other than for an insolvent corporation, there must be shown to be a reasonable apprehension of danger and irreparable loss to the subject-matter of the suit, and in two cases in this court recently decided, *Gray, Attorney General, v. Newark,* 9 *Del. Ch.* 171, 79 *Atl.* 735, 739, and *Ellis v. Penn Beef Co.,* 9 *Del. Ch.* 213, 80 *Atl.* 666, it was stated that this element was essential, and in one of them it was found to exist. The same rule should be applied where the ultimate relief sought is a winding up of a corporation because of an excess of its liabilities over its assets, unless perhaps in a case where the excess be proportionately large and of itself shows a danger of loss before a final hearing can be had. Furthermore, ability to meet financial obligations as they mature tends to negative the existence of danger of loss while the cause is pending. It is surely true that when insolvency is denied, and the evidence on the point is conflicting, a motion for a receiver *pendente lite* should not be granted. The ruling in *Taylor v. Cuban Land & Steamship Co.,* (C. C.) 106 *Fed.* 437, on a similar application, seems especially applicable to the case under consideration, the whole of the opinion being, as follows:

"The court is asked to appoint a receiver for defendant corporation upon the ground of insolvency, and because 'its existence under its present management is a fraud upon its stockholders, and on the innocent public.' Upon the return of the rule heretofore granted why a receiver should not be appointed, the defendant, by its officers, denies under oath all the allegations of the bill of complaint upon which the charge of insolvency rests. These affidavits specifically set forth the assets and liabilities of the com-

pany, showing an excess of the former; aver that all claims against the company are being promptly paid as presented; and allege that there are no suits, attachments, or judgments of any kind against the company by which its property is jeopardized, or can be wasted or diminished. They also tend to show and assert that the company is carrying on its business with profit and advantage to its stockholders. The affiants allege that such parts of the business as have demonstrated themselves to be unprofitable have, on that account, been discontinued in the interest of economical management. It is to such discontinuance complainants object. It is admitted, that large sums have been spent for advertising, but it is alleged that it was done when the complainants were active in the management of the company. The court is unwilling at preliminary hearing to determine on affidavits the truth of matters in controversy. The court will not assume, in the absence of proof, that the directors are not acting in good faith, and, except upon clear proof of usurpation *ultra vires*, fraud, or gross negligence, there is no warrant for its interference. The rule to show cause will be discharged."

.The specific reasons mentioned in the bill for the appointment of a receiver pending the final hearing of the cause on proofs taken otherwise than by *ex parte* affidavits do not warrant the relief. The last two reasons relate to the safety of the investment securities held by the company, and were not urged as the argument. The first one is very general, and will be considered as amplified in the several points set forth in the argument of the solicitors for the complainant.

In their argument the solicitors for the complainant urged several reasons, based on the testimony adduced, why the receiver should be appointed pending the hearing of the cause. The first is the complete exclusion of the complainant, the owner of one-half of the outstanding shares of the capital stock, from any participation in its management. But this is surely not of itself sufficient reason for the relief desired, and has no bearing on the question of solvency. The second is the dissipations of the cash assets of the company. But on the proofs so far adduced it cannot be asserted that there has been any wrongful use of such assets, or that they were not used properly in the course of business. There is no evidence of misconduct in disposing of certain assets of the company to the Lumber Sales & Development Company, referred to as the third reason, and even if it were an error in business judgment it is a past trans-

action, having no bearing on the question of the present solvency of the company. The pledging of the assets of the company to raise money, as urged in the fourth reason, does not have force in the absence of proof respecting the time and purposes of the pledges and the uses made, or to be made, of the moneys raised. The company may according to the fifth reason be without resources for raising money for future development, and still not be insolvent; and besides, there is some reliable testimony that the company has unpledged assets and that they are worth at conservative estimates about seven hundred and eighteen thousand dollars. It cannot be assumed, then, that the future developments cannot proceed if found to be advantageous. This reason does not commend itself to the court. The sixth and seventh reasons relate to the amount of timber uncut on two tracts of forest owned by the Parsons Pulp & Paper Company, and on which the lumber mills at Dobbin and Horton are operating. Of the Dobbin operation it is said to be at an end, and the Horton operation near its end, and the latter operated at a loss. These matters were largely controverted, and they cannot at this time be considered important with respect to the appointment of a receiver *pendente lite.*

In view of the conflicting statements of the numerous affidavits respecting the assets, liabilities, business outlook, operating management, prices and sources of raw materials and present and future prices of finished product, it certainly cannot be considered as shown even *prima facie* (if that be a sufficient degree of proof) that the continued profitable operation of the pulp mill of the Parsons Pulp & Paper Company is "an uncertain problem." Certainly it is not shown that there is in that problem any serious danger of loss to the defendant company which requires the intervention of a receiver *pendente lite,* and in view of the present prospect for large profits to be obtained from the manufacture and sale of wood pulp a court would be hazarding a serious blunder if it based a decision on the business uncertainty claimed by counsel for the complainant. This disposes of the eighth point.

It is also urged, ninthly, that the lack of business capacity

of the present management to conduct a lumber business shows a need of a receiver *pendente lite.* But it is not so clear that the present management are responsible for all, or the larger part of the losses referred to in the argument for the complainant. At most the losses were errors of judgment, are past transactions, and do not affect the question of the present financial balance between assets and liabilities.

The solicitors for the complainant still claim to have established the general proposition that the defendant company is now insolvent because its liabilities largely exceed its assets. On the other hand, the defendant company claims to have shown that its assets exceed its liabilities by four million dollars, not according to the books of the company only, but from estimates of values of the various items of assets. Some of these estimates of important items of value are made by persons of peculiar practical skill as experts, and are based on personal examinations made with care and thoroughness, particularly the values of the timber lands and timber rights as yet undeveloped. With these extremes of valuations this court can not now safely say that there is such evidence of a deficiency of assets over labilities as to constitute an insolvency and to justify the appointment of a receiver *pendente lite.*

Therefore, viewing the whole situation as disclosed by the many and conflicting affidavits as to the important points raised, the varied character and large volume of the assets of the company, its business problems and prospects, the absence of glaring irregularities or gross mismanagement, or even serious errors of commercial judgment chargeable entirely to the present management, there is no such evidence of threatened loss or injury even to creditors, and much less to the complainant, as should move a court to take from the officers elected by the stockholders the managements of its affairs pending a full hearing.

Each case must stand on its own merits, and there is no precedent in adjudged cases that are helpful in guiding the discretion of the court in such matters as are now considered.

After a careful study of the important and controlling questions raised and so fully presented, I am not convinced that

the relief now sought should be granted, and have for the satisfaction of counsel stated more fully than was probably necessary my present views, which, of course, are not final, for nothing of the merits is here decided.

The rule will be discharged, the question as to whether the complainant shall be charged with the costs on the rule being reserved.