William M. Moore,

*vs.*

Associated Producing & Refining Corporation, a corporation of the State of Delaware.

*New Castle, July* 18, 1923.

Extraordinary remedy of receiver *pedente lite* is intended to prevent injury to the thing in controversy and to preserve it for the security of all parties, to be finally disposed of as the court might direct.

Power to appoint receiver *pedente lite* should not be exercised except in a clear case. Court must be convinced the relief is needful. The element of danger is important in disposing of applications for receiver *pedente lite;* there must be a well-grounded apprehension, not a mere possibility of loss or injury.

Under *Revised Code* 1915, § 3883, giving the Chancellor discretionary power to appoint receiver for insolvent corporations, allegations that defendant is heavily indebted, without credit, and threatened with several suits are insufficient, without a showing of immediate danger of irreparable loss, to require appointment of a receiver *pedente lite*.

The sole judgment creditor of an insolvent corporation cannot secure appointment of a temporary receiver because of danger of execution sale, since he has power to remove the threatened danger.

Relief by appointment of a temporary receiver of an insolvent corporation pending suit for appointment of permanent receiver will not be granted, where the threatened danger is transfer of assets to another corporation, or other danger removable by less stringent means, such as injunction.

A showing that a permanent receiver might or probably would be appointed for the debtor corporation on final hearing because of inability to pay debts is not sufficient to require appointment of a receiver *pedente lite*, threatened or impending injury not being shown.

BILL FOR APPOINTMENT OF RECEIVER ON GROUND OF INSOLVENCY. The bill is filed under *Paragraph* 3883, § 40, c. 117, of the *Revised Code of* 1915. It is filed by a judgment creditor. The insolvency alleged is that the defendant corporation is unable to pay its obligations as they fall due in the course of business. In addition to the usual prayer, the bill prays the appointment of a receiver *pedente lite* and the issuance of a preliminary injunction.

The bill was filed April 4, 1923. On June 15, 1923, the complainant moved for a rule to show cause why a preliminary injunction should not issue and a receiver *pedente lite* should not be appointed, as prayed for in the bill. On the issuance of the rule a restraining order was directed restraining, until the further order of the court, the defendant corporation, its officers, etc., from transferring any of its assets to the Lafayette Oil Corporation, or to any other person or persons, and from receiving or collecting any money due the said defendant corporation, or from taking any of its property or assets except in the usual and normal course of business.

On July 11, 1923, the rule came on to be heard upon bill and affidavits.

*James I. Boyce*, for the complainant.

*Josiah Marvel*, of the firm of Marvel, Marvel, Layton and Hughes for the defendant.

THE CHANCELLOR: The defendant does not oppose the issuance of a preliminary injunction in the language of the present restraining order. Such injunction will accordingly issue.

Objection is made, however, to the appointment of a receiver *pedente lite*. Before disposing of the application for such receiver, it is well to refer to the principles governing such an applications. The general rule has been well stated in two cases in this State. *Gray, Atty. Gen., v. Newark*, 9 *Del. Ch.* 171, 79 *Atl.* 735, 739; *Ellis v. Penn. Beef Co.*, 9 *Del. Ch.* 213, 80 *Atl.* 666. In the former case it was said:

"While it is settled that a court of equity has the power to appoint a receiver *pedente lite*, it is equally well settled that such power should not be exercised except in a clear case, when it is necessary for the prevention of manifest wrong and injury, and where the plaintiff would otherwise be in danger of

suffering irreparable loss.   The jurisdiction exercised by courts of equity in administering relief by the extraordinary remedy of a receiver *pedente lite* is a branch of their general preventive jurisdiction, being intended to prevent injury to the thing in controversy, and to preserve it for the security of all parties in interest, to be disposed of as the court may finally direct.   *   *   * It is therefore not to be exercised doubtingly, but the court must be convinced that the relief is needful.   *   *   *   *   *   *   *   The element of danger is an important consideration in the case; and there must be a well-grounded apprehension of injury.   *   *   *   *   * *   *   *   There must be something more than a possibility of danger and loss to justify the court in exercising the unusual and extraordinary power of appointing a receiver."

To the same purport is the language of the Chancellor in the other case above cited.   Both of these cases were cases where the receiver *pedente lite* was sought other than for an insolvent corporation.   But, as observed in *Whitmer v. Wm. Whitmer & Sons, Inc.*, 11 *Del. Ch.* 222, 226, 99 *Atl.* 428, the same rule should be applied where the ultimate relief sought is for a receiver under the insolvency statute here invoked.

In passing upon the application for a receiver *pedente lite* in the present case, therefore, before a favorable response to the application can be given, facts must appear which warrant the conclusion that the case falls within the scope of the general principle above announced.

An examination of the bill and affidavits fails to show such a state of facts.   There is no showing that a receiver *pedente lite* is necessary to protect the complainant from the danger of irreparable loss.   I can find nothing in the proof which indicates the likelihood of injury or loss to the complainant to forfend against which a receiver is necessary pending the litigation.

From the present showing the defendant appears to be insolvent in one sense at least, viz., in that it is unable to meet its debts in the due course of business.   The complainant is a creditor, as is evidenced by judgment obtained.   The bill alleges on information that the corporation is heavily indebted to sundry persons, is without credit, that several suits have been instituted against the corporation, and that many other suits are threatened.   The allegation on information and belief conerning suits pending and threatened is not supported by anything more definite in the affidavit

filed in support of the rule. The affidavit of the president of the company refers to numerous suits which were brought against it but avers that they have been finally determined by settlement. So far as the proof discloses, the company is not in danger of the destructive consequences which frequently follow upon judgment and execution. The complainant is the only judgment creditor disclosed by the record. He, of course, is in position to proceed by execution process if there are assets within his reach. But there are no assets which execution on his present judgment could reach. If there were, and execution sale were threatened by the complainant, he would not be in a position to rely on the destructive danger of such sale as a ground for the appointment of a receiver *pendente lite*, for it would be in his power to remove the danger.

It is alleged, both in the bill and supporting affidavit, that the corporation threatens to transfer its assets to Lafayette Oil Corporation. This is denied by the defendant. If the denial were false, it would not necessarily follow that a receiver *pendente lite* ought to be appointed, for an injunction would afford sufficient preventive relief in this particular. A receiver will not be appointed where "the court can find another and less stringent means of protecting the rights of the parties." *Blades vs. Billings Mercantile Co.*, 154 *Mo. App.* 350, 134 *S. W.* 579.

The only circumstance (barring the matter of the alleged threatened transfer of assets) which the record so far discloses as pertinent to the question of whether a receiver *pendente lite* should be appointed is that the complainant is a creditor and the corporation is unable to pay him as well as other possible creditors. This may, with other circumstances which the present proof indicates as possibly existent, prove sufficient for the appointment of a permanent receiver on final hearing. A receiver *pendente lite* should not, however, be appointed solely on the ground that on final hearing a permanent receiver might, or even probably would be appointed. Something more must appear, viz., facts indicating that unless the receiver is appointed threatened or impending injury or loss is in danger of being visited upon the complainant. As indicated, I find no such facts in the case before me.

The application for a receiver *pendente lite* will be denied and a preliminary injunction in the language of the outstanding re-

straining order will be issued.  The parties may be heard upon the amount of the injunction bond.