HARRY F. HOBSON, WILLIAM L. LEDWITH AND ALBERT WARDEL,

vs.

CONSOLIDATED MANAGEMENT ASSOCIATION, a corporation duly organized and existing under the laws of the State of Delaware.

New Castle, Dec. 22, 1932.

*Arthur G. Logan*, of the firm of Marvel, Morford, Ward & Logan, for complainant.

*Ivan Culbertson*, for defendant.

THE CHANCELLOR: The allegation of insolvency is as follows:

"8. The respondent is insolvent in that the total amount of its liabilities greatly exceeds the value of its assets, and in that it is unable to meet and discharge its current and maturing obligations as the same fall due in the ordinary course of business."

This is a clear allegation of insolvency in both the equity sense and in the bankruptcy sense. This court has on more than one occasion said that such insolvency as is alleged sufficiently meets the requirement exacted by the code section under which the pending bill was filed. *Whitmer v. William Whitmer & Sons*, 11 *Del. Ch.* 222, 99 *A.* 428; *Bruch v. National Guarantee Credit Corp.*, 13 *Del. Ch.* 180, 116 *A.* 738; *Manning v. Middle States Oil Corp.*, 15 *Del. Ch.* 321, 137 *A.* 79; *Freeman v. Hare & Chase*, 16 *Del. Ch.* 207, 142 *A.* 793.

The first ground of demurrer is not therefore well taken.

From the brief filed by the defendant I gather that the second ground of demurrer is the one chiefly relied upon. That ground assumes a charge of insolvency to be made in the bill, but objects to the manner of its allegation as being in the form of a mere conclusion unsupported by a showing of facts on which the conclusion is based. If the allegation stopped with the first clause, viz., "the respondent is insolvent," it would be safe from general demurrer at least, according to the opinion of Chancellor Curtis in *Sill v. Kentucky Coal & Timber Development Co.,* 11 *Del. Ch.* 93, 97 *A.* 617. Certainly, however, it would seem not to be safe from attack by a special demurrer which specifically objected to the generality of its language. But the allegation does not stop with the general charge of insolvency. It proceeds to specify whereof the insolvency consists. It notifies the defendant that it consists not only of an excess of liabilities over assets, but as well of an accompanying condition of inability to meet and discharge current and maturing obligations as they fall due, a circumstance which, even if standing alone, sufficiently demonstrates insolvency within the meaning of the statute. Not only so, but the bill proceeds to show that the assets do not have a value of over $86,650.00, and the liabilities are as much as $686,612.00. The defendant objects that $586,612.00 of the alleged liabilities should be disregarded for the purpose of this demurrer because they arise out of what the defendant claims the bill shows to be guaranty contracts, and that the bill fails to negative the idea that such contracts are *ultra vires* the guaranteeing corporation. Granting that the contracts are ones of guaranty, which is open to serious question, nevertheless the fact of their being *ultra vires* is a fact which the complainants are not required to negative in their bill. It is one that the defendant must set up in defense. *Riegel v. Only Package Pie, Inc.,* 14 *Del. Ch.* 356, 128 *A.* 110.

But even if the alleged liability of $586,612.00 be deducted from the total liabilities as improperly listed therein, there yet remain $100,000.00 of other liabilities due on notes which the demurrant does not challenge for the purposes of this demurrer. The bill then in its least favorable light, least favorable from the complainant's standpoint, amplifies the insolvency charge by showing $100,000.00 of debts and only $86,650.00 of assets with which to pay them, and it further shows that one of the complainants is the holder of a note which the defendant is obligated to pay and which is long past due.

The demurrer should be overruled, and an order will be entered accordingly.