N. LOUIS SHATEN,

*vs.*

VOLCO CEMENT CORPORATION, a corporation of the State of Delaware.

*New Castle, August 9, 1938.*

*Philip Cohen,* and *Milton Belber,* of Philadelphia, Pa., for complainant.

*John J. Morris, Jr.,* of the firm of Hering, Morris, James & Hitchens, and *Meyer L. Casman,* of Philadelphia, Pa., for defendant.

THE CHANCELLOR: *Rule* 75 of this court under which the motion to dismiss was made at the close of the complainant's case, requires the motion to be made in writing. No written motion was filed. It should be supplied. The parties have argued the motion as though it had been properly filed and I shall proceed to dispose of it.

Accrediting to the testimony adduced by the complainant all the weight it is reasonably entitled to, I think a receiver should not be appointed.

The complainant alleges himself to be a creditor. The defendant denies that the complainant is a creditor. If he is not, then of course he cannot maintain the bill. I shall assume, without deciding, that the complainant is a creditor as he claims to be. But even so, I am of the opinion that a receiver should not be appointed.

The defendant has two assets. One is a tract of land in Oklahoma containing a deposit of volcanic ash which appears to be valuable as a constituent element in certain types of cleansing mixtures. The other is the entire capital stock of a subsidary called Volcocite Corporation. The subsidary is a manufacturing concern which makes and sells cleansers under various trademark names. Most of the testimony upon insolvency deals with the subsidary.

The bill admits that the defendant, the holding company, is entirely solvent in the bankruptcy sense, that is to say, that its assets exceed its liabilities. The only liabilities it has are a demand note payable to the City National Bank of Philadelphia, and the assumed claim of the complainant for salary as the defendant's former president and manager. There is not a word of testimony showing that the bank is pressing the defendant for payment. I shall not discuss the details of the defendant's assets. It is sufficient to say that so far as the complainant's own evidence shows the defendant appears to have ample assets to enable it to raise funds in case the necessity arises to satisfy the bank's demand for payment, if demand for payment should be pressed, and to pay the complainant also if his claim is established. If a defendant which is charged to be insolvent only in the sense that it cannot pay its current bills, has sufficient credit to raise funds with which to meet them, the court ought not generally to appoint a receiver for it. *McKee v. Standard Minerals Corp.*, 18 *Del. Ch.* 97, 156 *A.* 193. See also *Freeman v. Hare & Chase*, 16 *Del. Ch.* 207, 142 *A.* 793. The fact that a holding company has a subsidary which is a bad investment, so bad that, if it were liquidated, the parent company would lose its investment therein, does not necessarily mean that a receiver should be appointed for the parent, where the ground relied on is insolvency due to inability to meet current obligations. *Kenny v. Allerton Corp.*, 17 *Del. Ch.* 219, 151 *A.* 257.

Inasmuch as insolvency is a jurisdictional fact, proof in support of it must be clear and convincing and free from doubt. *Kenny v. Allerton Corp.*, *supra; Manning v. Middle States Oil Corp.*, 15 *Del. Ch.* 321, 137 *A.* 79; *Whitmer v. Wm. Whitmer & Sons*, 11 *Del. Ch.* 222, 99 *A.* 428. The complainant's proof fails to meet the requirements of this test. His bill should therefore be dismissed.

Decree accordingly, after the proper motion is filed.