LILLIAN ZUCHOWSKI, MARGARET PARKER and PHYLLIS MILLER,

*vs.*

BOXWOOD COAL CORPORATION, a corporation of the State of Delaware.

*New Castle, December 5, 1952.*

*Herman Cohen,* for plaintiffs.

*Leonard G. Hagner,* for defendant.

BRAMHALL, Vice Chancellor: The defendant is a corporation organized under the laws of the State of Delaware on August 7, 1948. It has been engaged in the hauling business. There are twenty-four shares of common stock outstanding. Plaintiff Lillian Zuchowski is the owner of ten shares; plaintiffs Margaret Parker and Phyllis Miller each one share; Henry Zuchowski, husband of Lillian Zuchowski, ten shares; two other children of Henry and Lillian Zuchowski each one share. The corporation is the owner of certain real estate in Christiana Hundred, New Castle County, Delaware. It is also the owner of certain trucks and other personal property.

Since the time of its organization until the separation of Henry Zuchowski and Lillian Zuchowski on or about September 15, 1951, the business of the corporation was handled as a family enterprise. Henry Zuchowski was its president and treasurer and Lillian Zuchowski became its vice-president and secretary. There was no election of directors or officers subsequent to the original meeting of incorporators and directors on August 27, 1948, at which time a board of directors consisting of Henry Zuchowski, Lillian Zuchowski and one Willard Miller, were elected directors. The receipts of the corporation, after the deduction of whatever amounts were necessary to pay certain of the bills of the corporation and, at times, some of the family obligations, were deposited in bank in a joint account in the name of Henry Zuchowski and Lillian Zuchowski. Shortly after the separation of Henry Zuchowski and Lillian Zuchowski, Henry Zuchowski opened an account in his own name, in which account certain of the receipts of the corporation were deposited. It is not alleged that the corporation is insolvent.

Unquestionably this court has inherent power to appoint a receiver for a solvent corporation by reason of fraud or gross mismanagement on the part of the officers of the corporation where there is real, imminent danger of material loss which cannot otherwise be prevented. *Lichens Co. v. Standard Commercial Tobacco*

Co., 28 *Del.Ch.* 220, 40 *A.2d* 447. But a receiver will never be appointed except under special circumstances of great exigency and when some real beneficial purpose will be served thereby. This is particularly true where another and less stringent method of protecting the rights of the parties can be found. *Moore v. Associated Producing & Refining Corp.*, 14 *Del.Ch.* 97, 121 *A.* 655.

In the present case the corporation is operating in substantially the same manner as it was at the time of its organization. With the exception of any disadvantage which may accrue to Lillian Zuchowski by reason of the separation taking place between her and her husband, Henry Zuchowski, and the deposit of the moneys into the account of Henry Zuchowski, there has been no change in the effect of the method of operation upon the stockholders of the corporation. It is doubtful therefore that there is any such real, imminent danger of material loss to the stockholders as would be necessary before a receiver would be appointed.

Assuming nevertheless that such imminent danger should exist, a receiver of a solvent corporation will not be appointed unless there are no other remedies for complete relief available to the parties. If the court can find other and less stringent methods of protecting the rights of the parties a receiver will not be named. *Moore v. Associated Producing & Refining Corp.*, *supra.* It would seem that the plaintiffs can avail themselves of other less stringent remedies. They are themselves the owners of fifty per cent of the outstanding stock of the corporation. Two additional shares of stock are held by other children of Lillian Zuchowski and Henry Zuchowski. One of these children appeared in this court to testify on behalf of plaintiffs. The record is silent as to the attitude of the other child. Certainly the plaintiffs could with considerable probability of success proceed with the election of directors and officers of the corporation. If plaintiffs should not be successful in such efforts and if the corporation itself should refuse to act, the rights of the corporation may be asserted by a stockholders' suit against the president, Henry Zuchowski, joining the corporation as a party defendant. *Edwards v. Bay State Gas Co.*, *(C.C.Del.)*, 91 *F.* 942; *Myers v. Occidental Oil Corp.*, *(D.C.Del.)* 288 *F.* 997. If the facts should warrant, a court of equity would

issue injunctive process for the protection of the rights of stockholders. I see no necessity for the appointment of a receiver. The motion to dismiss will therefore be granted.

Order on notice in accordance with this opinion.