# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

August 17, 2021

Luke M. Mette, Esquire
Jonathan M. Stemerman, Esquire
Armstrong Teasdale LLP
300 Delaware Avenue, Suite 210
Wilmington, DE 19801

Henry E. Gallagher, Jr., Esquire
Gregory J. Weinig, Esquire
Shaun M. Kelly, Esquire
Jarret W. Horowitz, Esquire
Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801

Re:  *In the Matter of The Jeremy Paradise Dynasty Trust and The
Andrew Paradise Dynasty Trust*,
Cons. C.A. No. 2021-0354-KSJM

Dear Counsel:

This letter decision resolves the motion by Jeremy Paradise ("Petitioner" or

"Jeremy")[1] for immediate removal of John Pomerance, Casey Chafkin, and Charlotte

Edelman (the "Fiduciaries") as fiduciaries and the appointment of a receiver *pendente lite*

as to The Jeremy Paradise Dynasty Trust ("Jeremy's Trust") and The Andrew Paradise

Dynasty Trust ("Andrew's Trust," and with Jeremy's Trust, the "Trusts").  For the reasons

that follow, the motion is denied.

On April 24, 2021, Jeremy filed a Verified Petition to Reform Trust and Remove

Invalid Fiduciaries (the "Petition").  The Petition seeks:  reformation of the trust agreement

governing Jeremy's Trust based on mistake and fraud; an order declaring invalid the

---

[1] To avoid confusion, the court will refer to members of the Paradise family by their first
names.  The court intends no disrespect.

appointments of Chafkin and Edelman as Trust Protectors and Distribution Advisers of Andrew's Trust and as Investment Distribution Advisers of Jeremy's Trust; the removal of the Fiduciaries from all fiduciary positions they occupy for the Trusts; and an accounting for the Trusts.[2] On May 20, 2021, Jeremy filed a motion for appointment of receiver *pendente lite*.[3] The parties fully briefed Petitioner's motion on June 2, 2021,[4] and the court heard oral argument on July 7, 2021.[5]

Removal of a trustee is appropriate where "there exists . . . hostility between the trustees and the beneficiaries that threatens the efficient administration of the trust."[6] "Mere friction or discord, however, is not sufficient."[7] This is an extreme form of relief that should be exercised sparingly, as Petitioner concedes.[8]

Generally, to justify the appointment of a receiver *pendente lite*, there must be "an urgent need for immediate protection against injury either in the course of actual infliction

---

[2] *See* C.A. No. 2021-0354-KSJM, Docket ("Dkt.") 1 ("Pet.").

[3] Dkt. 37 ("Pet'r's Mot.").

[4] *See id.*; Dkt. 40 ("Resp'ts' Opp."); Dkt. 42 ("Pet'r's Reply").

[5] Dkt. 64.

[6] *Taglialatela v. Galvin*, 2013 WL 2122044, at *3 (Del. Ch. May 14, 2013) (ellipses in original) (quoting 12 *Del. C.* § 3327(3)(c)).

[7] *Gans v. MDR Liquidating Corp.*, 1991 WL 114514, at *4 (Del. Ch. June 25, 1991) (citing *Smith v. Biggs Boiler Works Co.*, 91 A.2d 193 (Del. Ch. 1952)).

[8] *See* Pet'r's Reply ¶ 10 (citing *Tigani v. Tigani*, 2021 WL 1197576, at *21 (Del. Ch. Mar. 30, 2021)).

or reasonably to be apprehended."[9]  "There must be something more than a possibility of danger and loss to justify the court in exercising the unusual and extraordinary power of appointing a receiver."[10]

According to Petitioner, the Fiduciaries' hostility to Jeremy's interests included the following:

- The Fiduciaries refused to discuss the removal of Chafkin and Edelman with Jeremy.

- The Fiduciaries have refused to increase the monthly distributions above $10,000 and have refused to provide a justification for that figure.

- The Fiduciaries committed Jeremy's Trust to purchase certain real estate assets and subsequently halted the transaction.  Upon Jeremy's objections, Pomerance suggested that Jeremy either walk away from the $70,000 deposit or complete the purchase using his own funds.

- The Fiduciaries produced an account document on April 3, 2021, that was dated March 23, 2021—one day before the contested March 24 Skillz stock sale.  Jeremy views that act as misleading.

- Pomerance refused to provide Jeremy with copies of the fully executed Trust Agreements or accounting of the Trusts, forcing Jeremy to retain counsel to obtain copies of those documents.

- The Fiduciaries made allegations, which Jeremy views as unfounded, concerning Jeremy's reputation in the Opposition to Petitioner's Motion to Expedite.[11]

---

[9] *Ross Hldg. & Mgmt. Co. v. Advance Realty Gp., LLC*, 2010 WL 3448227, at *6 (Del. Ch. Sept. 2, 2010) (quoting *Salnita Corp. v. Walter Hldg. Corp.*, 168 A. 74, 76 (Del. Ch. 1933)).

[10] *Beal Bank, SSB v. Lucks*, 1998 WL 778362, at *3 (Del. Ch. Oct. 23, 1998) (quoting *Moore v. Associated Producing & Refin. Corp.*, 121 A. 655, 656 (Del. Ch. 1923)).

[11] Pet'r's Mot. ¶ 16.

Based on these collective actions, Jeremy argues that "neither [he] nor the Beneficiaries will ever be safe from [the Fiduciaries'] further hostility and deception[]."[12]

While it is apparent that there is some friction between Jeremy and the Fiduciaries, it does not reach the high bar required to necessitate the appointment of a receiver. In fact, most of Jeremy's allegations of hostility stem from the Fiduciaries' request that communications with Jeremy occur in writing or through counsel or from the Fiduciaries' conduct in this lawsuit.[13] Jeremy does not allege that the Fiduciaries have taken any profit for themselves, let alone impacted the Trust in such a way that Jeremy or the Beneficiaries are permanently affected. These actions do not rise to the high degree of hostility necessary for appointment of a receiver.[14]

Nor does Jeremy allege any urgent need for immediate protection. He merely points to the "the prospect of further damages" that the Fiduciaries could cause in the future.[15] At the time the Petition was filed, Jeremy speculated that damages would result from a failure "to appropriately sell" Skillz stock in June 2021.[16] Petitioner does not, however assert what

---

[12] *Id.* ¶ 7.

[13] *Id.* ¶ 16.

[14] *See du Pont v. Wilm. Trust Co.*, 2017 WL 4461132, at *8 (Del. Ch. Oct. 6, 2017) ("To warrant removal, the friction or hostility [between trustee and beneficiaries] must be of such a nature as to make it impossible for the trustee to properly perform his duties." (quoting *Vredenburgh v. Jones*, 1980 WL 6786, at *2 (Del. Ch. June 13, 1980))).

[15] Pet'r's Mot. ¶¶ 21–22.

[16] *Id.* ¶ 22.

an appropriate amount of Skillz stock should be sold from the Trusts, nor does he allege the Fiduciaries will fail to sell an appropriate amount of the Trusts' Skillz stock. Regardless, this argument seems moot now that the June 2021 trading window has passed.

Additionally, appointment of a receiver is unwarranted here because several of the Fiduciaries Jeremy seeks to remove no longer control the Trusts. Edelman and Chafkin resigned as Investment Direction Advisers of the Jeremy Trust and Trust Protectors and Distribution Advisers of the Andrew Trust, effective May 19, 2021.[17] Petitioners are thus arguing for the removal of two fiduciaries who no longer hold the relevant positions. "The function of this Court . . . is to decide actual, live controversies. Thus, we do not answer questions that have become moot."[18] Because Edelman and Chafkin no longer serve as fiduciaries, this aspect of the controversy is also moot.

For the foregoing reasons, Petitioners' motion for appointment of a receiver *pendente lite* as to the Trusts is DENIED.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

cc:    All counsel of record (by *File & ServeXpress*)

---

[17] Resp'ts' Opp. Ex. 3.

[18] *State Farm Mut. Auto. Ins. Co. v. Davis*, 80 A.3d 628, 632 (Del. 2013).